**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| 24 Hour Fitness USA, Inc., | ) | No. CV 11-02416-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Kevin Conlogue, | ) | |
| Respondent. | ) | |

Respondent filed an arbitration demand with JAMS, a private dispute resolution provider, in March 2011. (Doc. 1 at 4). Nevertheless, petitioner filed this petition to compel arbitration on December 7, 2011, some 9 months later. (Doc. 1). Respondent was served May 7, 2012, and has not yet responded.

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. See, e.g., Jacobs v. USA Track & Field, 374 F.3d 85, 86 (2d Cir. 2004) (refusal to arbitrate is a prerequisite to compelling arbitration under section 4 of the Federal Arbitration Act ("FAA")). If the refusal to perform the agreement is at issue, "the court shall hear and determine such issue." 9 U.S.C. § 4. "[Section] 4 of the FAA does not confer a right to compel arbitration of any dispute at any time." Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 474-75, 109

1  S. Ct. 1248, 1253 (1989).  Respondent has not refused to arbitrate.  He "has previously
2  demanded arbitration of these claims" in another forum.  (Doc. 1 at 2).

3       Respondent is bound by the terms of the 2001 Arbitration Agreement, (doc. 1 at 2, 7),
4  which provides: "We agree to settle the dispute according to the provisions of the Federal
5  Arbitration Act, 9 U.S.C. sections 1-16.  All disputes will be resolved by a single Arbitrator.
6  The Arbitrator shall be selected by mutual agreement of the parties."  (Doc. 2, ex. C at 1).
7  Petitioner "requests that the Court compel arbitration in accordance with the terms of the
8  Arbitration Policy, in the District of Arizona."  (Doc. 1 at 2).  But petitioner acknowledges
9  that "the Agreement itself is silent on the location of the arbitration hearing."  (Doc. 1 at 9).

10       Petitioner's argument rests solely on its contention that "[i]t would be absurd" to
11  arbitrate anywhere but Arizona (doc. 1 at 9).  But petitioner fails to identify a case or statute
12  which compels arbitration in this District, despite the lack of a forum selection clause in the
13  agreement.  Nothing in the contract provides that arbitration must occur in Arizona or in the
14  place of respondent's employment.

15       Respondent has not refused to arbitrate within the meaning of § 4 of the FAA.  The
16  Northern District of California has been the center of all the litigation arising out of this
17  dispute.  It is also the place of petitioner's headquarters.  Any action to confirm an arbitration
18  award should be heard in the Northern District of California.  It thus makes sense to arbitrate
19  there.

20       Accordingly, **IT IS ORDERED DENYING** petitioner's petition to compel
21  arbitration.  (Doc. 1).  The clerk shall enter judgment dismissing this action.

22       DATED this 17th day of May, 2012.

                                                                                                      *Frederick J. Martone*
                                                                                                      Frederick J. Martone
                                                                                           United States District Judge